COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


GEORGE B. SOUTHERN, JR.

                                    MEMORANDUM OPINION*
v.    Record No. 0384-01-2               PER CURIAM
                                        JULY 3, 2001
SHIRLEY CONTRACTING CORPORATION AND
 CLARK CONSTRUCTION GROUP, INC.


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Wesley G. Marshall, on brief), for
              appellant.

              (Alan D. Sundburg; Friedlander, Misler,
              Sloan, Kletzkin & Ochsman, PLLC, on brief),
              for appellees.


     George B. Southern, Jr. (claimant) contends that the

Workers' Compensation Commission erred in finding that the

medical treatment rendered to him by Dr. David P. Sokolow was

unauthorized, and, therefore, not the responsibility of Shirley

Contracting Corporation and its insurer (hereinafter referred to

as "employer").  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

The record established that Dr. Ramesh Chandra, an orthopedist, has been claimant's treating physician since September 10, 1999. Dr. Chandra performed arthroscopic surgery on claimant's right knee on October 5, 1999. Thereafter, Dr. Chandra noted "significant degenerative changes" in claimant's right knee revealed by a repeat MRI. Dr. Chandra suspected that claimant eventually would need joint replacement surgery. By February 9, 2000, Dr. Chandra noted that his treatment of claimant was complete and that any further treatment "would be in the hands of a total joint replacement surgeon."

Dr. Sokolow, who examined claimant upon the request of claimant's attorney, recommended a total knee replacement. Dr. Sokolow opined that the knee replacement was secondary to the September 8, 1999 accident. Claimant did not seek authorization from employer to see Dr. Sokolow nor did he request that the commission grant him a change in treating physicians.

Dr. Joseph Linehan, who examined claimant on April 26, 2000 at employer's request, opined that the total knee replacement was due to degenerative arthritis rather than the compensable

- 2 -

September 8, 1999 accident. Dr. Chandra opined that he could not causally relate claimant's need for total knee replacement to the compensable September 8, 1999 accident in the absence of any objective evidence that the accident aggravated or accelerated claimant's long-standing degenerative arthritis.

In its January 18, 2001 opinion, the full commission affirmed the deputy commissioner's finding that the total knee replacement surgery recommended by Dr. Sokolow was not causally related to claimant's compensable September 8, 1999 injury by accident. Accordingly, the commission ruled that employer was not responsible for the cost of Dr. Sokolow's treatment. Claimant did not challenge these findings on appeal, and, therefore, they are binding and conclusive upon this Court.

Rather, on appeal, claimant contends that because employer denied his claim for ongoing medical benefits; Dr. Chandra released claimant from his care; and the commission failed to rule upon the issue of whether Dr. Sokolow's treatment was authorized, he has been left without a treating physician. We disagree.

Nothing in the record established that Dr. Chandra did not continue to be claimant's treating physician for any causally related medical treatment that claimant might need in the future. In fact, the record showed that claimant continued to receive medical treatment from Dr. Chandra through at least

February 2000.  Because Dr. Sokolow's treatment was deemed unrelated to the compensable accident and not employer's responsibility, the commission was not required to rule that Dr. Sokolow's treatment was authorized.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>